IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARILYN A. DIGGS | § | |
| Plaintiff, | § § § | |
| VS. | § | NO. 3-11-CV-1794-N-BD |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security | § § § § | |
| Defendant. | § § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

On July 27, 2011, Marilyn A. Diggs, appearing *pro se*, tendered a pleading entitled "Notice of Appeal." However, the pleading does not include a short and plain statement of the claim showing that plaintiff is entitled to relief and does not specify the relief sought. *See* FED. R. CIV. P. 8(a) (general rules of pleading). Nor is the pleading signed by plaintiff. *See* FED. R. CIV. P. 11(a) (pleading must be signed by attorney or unrepresented party). By order dated July 28, 2011, plaintiff was instructed to file a signed complaint in proper form within 20 days, or the case would be dismissed. *See* Order, 7/28/11. When plaintiff failed to comply with that order, the court gave her an additional 20 days to submit a signed complaint in proper form, and warned that "the failure to comply with this order may result in the imposition of sanctions, including dismissal of the action

for want of prosecution." *See* Order, 8/25/11. To date, plaintiff still has not cured these pleading deficiencies. The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Plaintiff was twice ordered to file a complaint in proper form, signed by her, as required by the federal rules. Both times plaintiff was warned that her failure to comply with the order would result in the dismissal of the case. To date, plaintiff still has not cured these pleading deficiencies. Under these circumstances, dismissal is clearly warranted. *See Gilmore v. Unnamed Defendant*, No. 3-08-CV-2006-B, 2009 WL 605809 at *2 (N.D. Tex. Mar. 9, 2009) (dismissing *pro se* civil action without prejudice where plaintiff failed to comply with court order requiring him to file complaint in proper form); *Ray v. Child*, No. 3-08-CV-1708-K, 2009 WL 80359 at *1 (N.D. Tex. Jan. 9, 2009) (same).

## **RECOMMENDATION**

Plaintiff's complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 23, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE